UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCEL COOK,

    Petitioner,

    v.

J. HEMINGWAY,

    Respondent.
_____/

Case No. 21-cv-11711

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES [#8]**

**I. INTRODUCTION**

On July 16, 2021, Petitioner Marcel Cook filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. Petitioner argues his incarceration after a "mandatory release date" of July 19, 2021, violates his constitutional right to due process, and that Warden Hemingway refuses to apply "earned and vested diminution credits" under the First Step Act that would entitle him to release on that date. ECF No. 1, PageID.6. Petitioner filed two motions to supplement his petition. ECF Nos. 4, 5.

Presently before the Court is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus for Failure to Exhaust Administrative Remedies [#8], filed on December 14, 2021. Petitioner submitted his Response in Opposition on

1

January 13, 2022. *See* ECF No. 9. Respondent filed a Reply brief a week later. *See* ECF No. 10. Because Petitioner has failed to exhaust his claim, the Court will **GRANT** Respondent's Motion without prejudice.

## II. FACTUAL BACKGROUND

Petitioner was convicted by plea of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and sentenced to 168 months term of incarceration. *See* ECF No. 8-2, PageID.84; *see also United States v. Cook*, 500 F. App'x 537 (7th Cir. 2013). He argues that Respondent is "secretly refusing to apply my earned and vested diminution credits that reduce my stay in Attorney General custody." ECF No. 1, PageID.6. Petitioner asserts he has participated in eligible programming for 720 days, which would entitle him to 240 days earned credits. ECF No. 1, PageID.22.

In his motion to supplement, Petitioner asserts he sought the application of sentence-reduction credit by filing a "BP-9" through a counselor on May 4, 2021, which he says Respondent Hemingway ignored. ECF No. 5, PageID.59, 65. On June 14, 2021, Petitioner filed a regional appeal (BP-10) over the institutional response (or lack thereof). *Id.* at PageID.61. The BP-10 states Hemingway informed Petitioner he had not received the BP-9. *Id.* Petitioner's appeal was rejected for failure to file a BP-9 request "for the warden's review and response . .

." *Id.* at PageID.63. Petitioner does not report appealing the regional office's response.

The Court notes that although Petitioner has not filed a change of address with the clerk of the Court, his current status within the Federal Bureau of Prisons indicates he is under the supervision of the Chicago Residential Reentry Office, and that his release date is December 31, 2022.[1]

### III. LAW AND ANALYSIS

Congress promulgated the First Step Act ("FSA") in late 2018, for the purposes of, *inter alia*, "expanding vocational training, early-release programs, and other initiatives designed to reduce recidivism." *United States v. Venable*, 943 F.3d 187, 188 (4th Cir. 2019). The FSA directed the Attorney General to develop and implement "a risks and needs assessment system" to evaluate the recidivism risk of individual federal prisoners, determine and assign risk-reduction programs to those prisoners, develop programs for rewards and incentives for program participation, and determine when prisoners are ready to transfer into prerelease custody or supervised release. 18 U.S.C. § 3632(a).

---

[1] Courts may take judicial notice of a prisoner's status through the Bureau of Prison's Inmate Locator website. *See Marshek v. Eichenlaub*, 266 F. App'x 392 (6th Cir. 2008) (taking judicial notice of "BOP's Inmate Locator . . . through its official website (www.bop.gov)" that plaintiff was transferred during the pendency of his appeal).

One incentive the FSA established was for eligible prisoners who successfully participate in certain risk-reduction programs or activities will earn time credits to be applied toward their pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(C). Specifically, "[a] prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i).

Respondent argues in support of dismissal that Petitioner failed to exhaust administrative remedies as required by a § 2241 petition, because he did not first raise his FSA claim at the institutional level. ECF No. 8, PageID.78. By not pursuing appropriate administrative remedies, Petitioner deprived the Bureau of Prisons of the opportunity to review his claims and develop an appropriate record. *Id.* at PageID.74. Respondent also denotes that the FSA's Time Credits program rules were finalized in mid-January 2022. ECF No. 10, PageID.102. Respondent argues the new rules combined with a disciplinary infraction in late 2021, which might impact Petitioner's new release date calculation, demonstrate why Petitioner should exhaust his claims within the Bureau of Prisons first. *See id.* at PageID.103; *see also* ECF No. 10-2, PageID.106. In response to Respondent's Motion, Petitioner argues that exhaustion would be futile or should be excused. *See* ECF No. 9.

4

Petitioner is correct that the Federal Prison Industries or UNICOR program in which he has participated is an evidence-based recidivism reduction program. He claims that as of July 16, 2021, he has worked 720 days at UNICOR, resulting in an earned-time credit calculation of 240 days. Petitioner argues that under the FSA, he should have received 240 days as of either July 19, 2019, or January 15, 2020. Petitioner further asserts he was eligible for release from incarceration as of July 19, 2021. ECF No. 1, PageID.6. He does not explain how he arrived at that date.

The Court does not find Petitioner entitled to the relief he seeks. First, it appears Petitioner's claim may be moot. Petitioner argues that after applying his earned time credits to his sentence, his release to "a Residential Reentry Center or directly to supervised release is . . . mandatory." ECF No. 1, PageID.23. Because Petitioner's status indicates that he is now under the supervision of the Chicago Residential Reentry Management field office, it appears Petitioner has secured the relief he seeks.

Regardless, as Respondent argued in his Motion, it is well-settled in the Sixth Circuit that federal inmates must exhaust their administrative remedies before filing a § 2241 habeas petition. *See, e.g.*, *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006)). "Exhaustion gives an agency 'an opportunity to correct

its own mistakes with respect to the programs it administers before it is haled into federal court,' and it discourages 'disregard of [the agency's] procedures.'" *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citation omitted) (alteration in original). "[P]roper exhaustion of administrative remedies . . . 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (citation omitted).

The Bureau of Prisons' grievance process has three steps. If a matter cannot be resolved informally, the inmate must file an Administrative Remedy Request Form—BP-9—with the warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the inmate is not satisfied with the warden's response, they can file a BP-10 Form that appeals the request to the Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. If the inmate is unsatisfied with the Regional Director's response, they may file a BP-11 Form that appeals the request once more to the General Counsel, who has 40 days to respond. *Id.*

Petitioner asserts he submitted a BP-9, which the warden ignored. ECF No. 4, PageID.39. He then filed a BP-10, which the Regional Director rejected over his failure to file a BP-9. *See* ECF No. 5, PageID.63. Petitioner does not indicate that he invoked the third level of the BOP grievance process, an appeal to the General Counsel.

6

The administrative record Respondent submitted includes an affidavit by Cynthia Suydam, the Legal Assistant to the Federal Bureau of Prisons at Milan, Michigan. ECF No. 8-3, PageID.86. Suydam states she has access to the database that "track[s] all administrative remedy submissions and outcomes of those submissions[.]" *See id.* at PageID.87; *see also* 28 C.F.R. § 542.18 (appeals and requests are logged into an "Administrative Remedy Index"). The database suggests that Petitioner only filed an appeal to the regional level, the BP-10, which was rejected. *Id.* at PageID.87, 89.

By the time Petitioner filed his appeal, he knew that Respondent had not received his request. *See* ECF No. 4, PageID.42 (appeal form BP-10 which acknowledges "an email from Warden Hemingway stated he didn't receive the BP-9 . . ."). His appeal was rejected because of this apparent failure to file a BP-9. ECF No. 5, PageID.63. Because Petitioner was obligated to pursue the proper procedures to exhaust the administrative remedy process, *Woodford*, 548 U.S. at 90, Petitioner could have chosen one of two paths in response.

In the first, the Warden's email presented an opportunity to correct the original apparent omission and resubmit a BP-9. This would have afforded BOP the "opportunity to correct its own mistakes" and address Petitioner's concerns. *Id.* at 89. Alternatively, when Petitioner chose not to refile the BP-9, he was obligated to pursue the full grievance process. The appeal to the General Counsel

7

must be submitted within 30 calendar days of the Regional Director's response. 28 C.F.R. § 542.15. The administrative record contains no indication Petitioner filed a BP-11 during that period or later over the regional office's rejection of his submission. Petitioner thus "abandon[ed] the process," which he may not do. *See Fleming v. Dir. Bureau of Prisons*, No. 2:22-cv-10080, 2022 U.S. Dist. LEXIS 59321, at *5 (E.D. Mich. Mar. 30, 2022) (finding the petition unexhausted and premature because the petitioner had not filed a BP-11; also acknowledging "Petitioner's frustration with the BOP's failure to respond to his requests, [but] the Court nonetheless finds that he cannot abandon the process.").

Petitioner argues he should be excused from exhausting his claim because he faces irreparable harm from the violation of his constitutional rights, that the issue is "solely one of . . . statutory interpretation," and "exhaustion is futile." ECF No. 9, PageID.94–95. His authority on the statutory construction exception is based on Third Circuit caselaw not binding on this Court. *See, e.g.*, *Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (holding "exhaustion is not required with regard to claims which turn only on statutory construction") (citing *Harris v. Martin*, 792 F.2d 52, 54 n.2 (3d Cir. 1986)). Additionally, Petitioner's claim does not "solely" involve "statutory interpretation." The calculation of Petitioner's release date involves factors beyond the FSA's earned time credits, such as other program time credits, and the impact of possible disciplinary action.

*See* ECF No. 10-2, PageID.106. Accordingly, the BOP, not this Court, should calculate those credits in the first instance. *See United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996) (holding the issue of sentencing credit "is not ripe for review until the Bureau of Prisons has ruled on a defendant's request for credit"); *see also United States v. Wilson*, 503 U.S. 329, 332–33 (1992) (holding that it is the BOP's obligation, not the court's, to compute and apply sentencing credits).

Petitioner's failure to properly follow the BOP's administrative remedy procedure prevented the BOP from evaluating Petitioner's claims about the applicability of earned time credit under the FSA. Petitioner failed to exhaust his remedies before filing his habeas petition, making dismissal appropriate.

## IV. Conclusion

For the reasons stated above, Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus for Failure to Exhaust Administrative Remedies [#8] is GRANTED.

IT IS FURTHER ORDERED that the petition is DISMISSED WITHOUT PREJUDICE to Petitioner seeking the application of any earned time credit following proper exhaustion, including its application to his period of supervised release. *See Dyer v. Fulgam*, No. 1:21-cv-299, 2022 U.S. Dist. LEXIS 91170, at *5 (E.D. Tenn. May 20, 2022) (quoting 18 U.S.C. § 3632(d)(4)(C)).

Lastly, a certificate of appealability is not needed to appeal the dismissal of habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

Dated: August 18, 2022  /s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 18, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager